O.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

SHARON MUNDY　　　　　　　　　　No. 2:22cv 31
　　　　Plaintiff

VS
　　　　　　　　　　　　　　　　　RECEIVED
　　　　　　　　　　　　　　　　　JAN - 5 2022

CITY OF PITTSBURGH　　　　　　　CLERK U.S. DISTRICT COURT
　　　　Defendants.　　　　　　　　WEST. DIST. OF PENNSYLVANIA


COMPLAINT


SHARON MUNDY, Prose

2028 LETSCHE ST.
PITTSBURGH PA 15214
412- 515-9141

CHARONM1104@GMAIL.COM

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

SHARON MUNDY                                                No. 2:22-cv-31
    Plaintiff

VS

CITY OF PITTSBURGH
,
    Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, SHARON MUNDY., by, and files the following Complaint:

### Nature of the Action

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(l), Rehabilitation Act of 1973, Pennsylvania Human Relations Act, as well as Retaliation under the various statutes 42 U.S.C. § 2000e-3(a)and (b) and ADA. The Plaintiff, Sharon Mundy, seeks declaratory, injunctive and compensatory relief for the discriminatory conduct, wrongful termination, and Disability discrimination of her position by the Defendant in this matter.

Parties

1. Plaintiff, Parties

1. Plaintiff, Sharon Mundy is an adult individual residing at 2028 Letsche St. Pittsburgh PA 15214.

Defendant, City of Pittsburgh, headquartered at 313 County Building, 414 Grant St., Pittsburgh, PA 15219. City of Pittsburgh is an employer within the meaning of Title VII of the Civil Rights Act, Fourteen Amendment and the PHRA, ADA, 42 U.S.C. § 12102(2) 42 U.S.C. 1983.

2. Defendant, City of Pittsburgh, is a Principal of the institution employing Sharon Mundy, at Public Work Division.

Jurisdiction

3. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. 1331 and 1343, relating to federal questions, as well as 42 U.S.C. 1981. Supplemental jurisdiction over the related state law claims is conferred by 28 U.S.C. 1367(a).

4. Venue is proper in this case pursuant to 28 U.S.C. 1391 (b).
, is an adult individual residing at 2028 Letsche St. Pittsburgh PA 15214.

5.  This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. 1331 and 1343, relating to federal questions, as well as 42 U.S.C. 1981. Supplemental jurisdiction over the related state law claims is conferred by 28 U.S.C. 1367(a).

6.  Venue is proper in this case pursuant to 28 U.S.C. 1391 (b).

## STATEMENT OF THE CASE

8.  The Plaintiff, Sharon Mundy. accepted employment with the City of Pittsburgh in the month of June, 2008 as general work Public Work Division.

9.  For over twelve years (12) years in that position, in Public Work divisions

10. The Plaintiff was located at the traffic division.

11. The Plaintiff was also worked as a Citywide graffiti removal program, which consist of graffiti and removal of paint throughout the or general labor in th city of Pittsburgh.

12. According to Common practice and Memorandum of Understanding dated January 1, 2015 between the City of Pittsburgh and AFSCME District Council 84 Local 2037, was paid $20.71 per hour.

13. The Plaintiff filed many requested for reasonable accommodation to reinforce no smoking policy and mask protection due her asthma issues.

14. Due to the Defendant failure to provide an reasonable accommodations, Plaintiff respiratory injury increased and she begin taking FMLA leave and utilizing other vacation days to accommodate her asthma illness.

15. The Plaintiff was reprimanded for calling off by verbal warning "watch your call off" although the Plaintiff legal request to stop other workers from smoking inside of the City's property.

17. The Plaintiff medical leave was to run out on June 23, 2020.

18. The Defendant gave the Plaintiff until July 9, 2020 to report to work.

19. The Plaintiff broke her toe before July 9, 2020 and receive a work restriction letter, from Med Express stating she could not be ready to full duty until July 13, 2020.

20. The Defendant failed to consider the medical letter from the Doctor's and their recommendations. The Defendant retaliate by suspending the Plaintiff for five days pending termination.

21. The Plaintiff was directed to sign Last Chance Agreement or face termination. September 29, 2020 letter from the City of Pittsburgh stated that the Defendant would bypass the Step II because the Plaintiff would not sign LCA, which violates her due process and promotes coercion. Under duress from the Defendant she made to sign a LCA. Defendant states she was terminated due to absenteeism and failure to report these absences the "standard, a contracted City provider." The Plaintiff was approved intermittent FMLA leave account, but accused of not following contract protocol. See the September 29, 2020 letter, Exhibit A

22. Due to the Defendants refusal to consider reasonable accommodation due to the Plaintiff's asthma and the medical letter for accommodation by Med Express, The Plaintiff Exhausted her administrative relief.

23. The Plaintiff file her complaint EEOC on or around November 2020, received a right to sue letter by the EEOC on October 8, 2020. See the Right sue Letter Exhibit B

## COUNT 1
## TITLE VII -DISABILITY DISCRIMINATION AND ADA

24. Paragraphs 1 through 23 above are incorporated herein by reference as though fully set forth.

25. Defendant violated Title VII of the Civil Rights Act of 1964, and ADA

26. To establish a prima facie case of retaliation under the ADA, a plaintiff must show "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action.

27. Plaintiff made reasonable accommodation request to stop city employees from smoking in the building, she reported city employees that they were smoking and it has affected her health.

28. Plaintiff engaged in activities protected by 1981. The Plaintiff by showing a medical letter that she could not work her full duty an adverse response begun and the result was her termination.

29. Following Plaintiffs protected activities, the City, acting by and through its final policymakers, terminated Plaintiffs employment.

30. The termination of Plaintiff's employment was causally related to Plaintiff's protected activities under 1981.

31. The Defendant due marijuana was in her system and the Plaintiff fail to comply with LCA non-compliance and city giving up on the own procedures "will not arbitrate or deal with this matter anymore". See Termination Letter Exhibit C

32. Defendant failed to make any reasonable accommodation under the law, depriving the plaintiff of her right and discrimination due to her disabilities. Defendant failed to identify that the Plaintiff had prescription for marijuana to treat anxiety and did not abuse the script.

33. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in his community and place of business, punitive damages, declaratory and injunctive relief, Pension update to reflect accurate number of service attorney's fees and costs, adverse consequences, and such other relief as the Court may deem appropriate.

Jury Trial Demanded

## COUNT 2
## WRONGFUL TERMINATION

34. Paragraphs 1 through 33 above are incorporated herein by reference as though fully set forth. 42 U.S.C. 1983, Violation of Fourteenth Amendment Right Provides that no state may deprive any person of life, liberty, or property, without due process of law, City of Pittsburgh discharged Sharon Mundy without "Just Cause" was contracted and tenured employee. The Plaintiff was civil servant and denied a Loudermill hearing prior to termination.

35. According to Civil Service Disciplinary Guideline dated 10/2002 and revised 4/2009 states that there are five level of discipline. Level 1. Oral Warning Level 2. Written Warning, Level 3. One day (1) suspension, Level 4., Three (3) day suspension, Level 5. five (5) Day suspension pending termination, five (5) day suspension, not pending discharge, Greater than five (5) day suspension (up to 30 days) Discharge.

36. The Plaintiff was terminated without "just cause" City of Pittsburgh stipulate the Plaintiff was to report to work on July 9, 2020 and the Plaintiff did report to work however, the Plaintiff broke her toe, the Plaintiff forward a letter with four days accommodation stating that the Plaintiff could not do full duty and the Defendant refuse to consider the letter from Med Express Doctor.

37. The Defendants disciplined the Plaintiff with five (5) suspension pending termination.

38. The Plaintiff received a termination letter dated November 5, 2020 stating that she Marijuana in her system and she will not get an arbitration hearing due to her signing a last chance agreement. See the Termination Letter Exhibit C

39. The Plaintiff had a medical approval and was being treated for anxiety and not for pleasure and did not abuse the prescription.

40. The Defendant believe that the Last Chance Agreement make the Plaintiff an at will employee with no right and could terminated her.

45. As a direct result of the actions, statements, and/or policies of the Defendants, Plaintiff suffered an unconstitutional deprivation of his rights under the Fourteenth Amendment of the Constitution and due process.

46. Defendants acted intentionally and with callous disregard for the Plaintiff known statutory and constitutional rights.

47. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in his community and place of business, punitive damages, declaratory and injunctive relief, Pension update to reflect accurate number of service, attorney's fees and costs, adverse consequences, and such other relief as the Court may deem appropriate.

Jury Trial Demanded

## COUNT 3
### RETALIATION FOR ENGAGING IN A PROTECTED ACTIVITY UNDER 1981

48. Paragraphs 1 through 47 above are incorporated herein by reference as though fully set forth.

49. Defendants are sued under 42 U.S.C. 1983 for the deprivation of rights secured by 1981.

50. Plaintiff made reasonable accommodation request to stop city employees from smoking in the building, she reported city employees that they were smoking and it has affected her health.

51. Plaintiff engaged in activities protected by 1981. The Plaintiff by showing a medical letter that she could not work her full duty because of her disability an adverse response begun and the result was her termination.

52. Following Plaintiffs protected activities, the City, acted by its wrongful policymakers, terminated Plaintiffs employment.

53. The termination of Plaintiff's employment was causally related to Plaintiff's protected activities under 1981. The Plaintiff believe that she was retaliated for making a reasonable accommodation and reported other employees and sited the City of Pittsburgh leadership for failing to uphold their smoking and mask policy.

54. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in his community and place of business, punitive damages, declaratory and injunctive relief, Pension update to reflect accurate number of service attorney's fees and costs, adverse consequences, and such other relief as the Court may deem appropriate.

Jury Trial Demanded

A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.

Respectfully submitted,

_[signature]_

Date: 1/5/21

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

SHARON MUNDY                                                          No.)
          Plaintiff

VS

CITY OF PITTSBURGH

          Defendants.

## VERIFICATION

I Sharon Mundy declare under penalty of perjury under the law of Pennsylvania, know the contents in this Complaint thereof and that the same is true to the best of my knowledge.

Date: __1/5/21__

Respectfully submitted,

## CERTIFICATE OF SERVICE

I certify that, on the date set forth below, the foregoing PLAINTIFFS' COMPLAINT was filed I further certify that, on the date set forth below, the same document was served on Defendant by First Class Mail City of Pittsburgh Department of Law 313 City-County Building 414 Grant Street Pittsburgh, PA 15219

_____   Date 1/5/21
Sharon Mundy