IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

No. ~~22-CV-22~~ 2:22-cv-31

SHARON MUNDY
    Plaintiff

VS

CITY OF PITTSBURGH
    Defendants.



FILED
OCT - 6 2022
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

SECOND AMENDED COMPLAINT

SHARON MUNDY, Prose

2028 LETSCHE ST.
PITTSBURGH PA 15214
412- 515-9141

CHARONM1104@GMAIL.COM

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

SHARON MUNDY                                                            No.22 -CV- 31
        Plaintiff

VS

CITY OF PITTSBURGH
,
        Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, SHARON MUNDY., by, and files the following Complaint:

### Nature of the Action

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(l), Rehabilitation Act of 1973, Pennsylvania Human Relations Act, as well as Retaliation under the various statutes 42 U.S.C. § 2000e-3(a)and (b) and ADA. Plaintiff, Sharon Mundy, seeks declaratory, injunctive, and compensatory relief for the discriminatory conduct, wrongful termination, and Disability discrimination of her position by Defendant in this matter.

1

## Parties

1. Plaintiff, Parties

1. Plaintiff, Sharon Mundy is an adult individual residing at 2028 Letsche St. Pittsburgh PA 15214.

Defendant, the City of Pittsburgh, headquartered at 313 County Building, 414 Grant St., Pittsburgh, PA 15219. The City of Pittsburgh is an employer within the meaning of Title VII of the Civil Rights Act, Fourteen Amendment, and the PHRA, ADA, 42 U.S.C. § 12102(2) 42 U.S.C. 1983.

2. Defendant, City of Pittsburgh, is a Principal of the institution employing Sharon Mundy, at Public Work Division.

## Jurisdiction

3. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. 1331 and 1343, relating to federal questions, as well as 42 U.S.C. 1981. Supplemental jurisdiction over the related state law claims is conferred by 28 U.S.C. 1367(a).

4. The venue is proper in this case pursuant to 28 U.S.C. 1391 (b).
, is an adult individual residing at 2028 Letsche St. Pittsburgh PA 15214.

5. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. 1331 and 1343, relating to federal questions, as well as 42 U.S.C. 1981. Supplemental jurisdiction over the related state law claims is conferred by 28 U.S.C. 1367(a).

6. The venue is proper in this case pursuant to 28 U.S.C. 1391 (b).

## STATEMENT OF THE CASE

7. Plaintiff, Sharon Mundy. accepted employment with the City of Pittsburgh in the month of June 2008 as general work Public Work Division.

8. For over twelve years (12) years in that position, in the Public Work divisions

9. Plaintiff was located at the traffic division.

10. Plaintiff also worked as a Citywide graffiti removal The program consists of graffiti and removal of paint or general labor in the city of Pittsburgh.

11. According to Common practice and Memorandum of Understanding dated January 1, 2015, between the City of Pittsburgh and AFSCME District Council 84 Local 2037, was paid $20.71 per hour.

12. Plaintiff suffers from Depression and a severe case of asthma since 2009. **See Exhibit A Medical records from Doctor Ronald Monah**

13. Plaintiff's Doctor wrote two letters for Plaintiff on March 5, 2019, and October 15, 2020, these letters were given to the Defendant stating the Plaintiff suffers from Severe Allergies, Asthma, and Anxiety. **See both letters Exhibit B**

3

14. Plaintiff takes several medications for her disabilities: albuterol, omeprazole, fluticasone propion-salmeterol, and prednisone. **See Exhibit C (Medication list)**

15. Plaintiff requests a reasonable accommodation to reinforce the no smoking policy and mask protection due to her asthma issues. **See Exhibit D the Defendant's response (email from Human Resource Rep. Charlene Holder date: April 26, 2020)**

16. Defendant has a no smoking policy effective September 11, 2008, the Pennsylvania Clean Indoor Air Act requires that public places and workplaces must be smoke-free. **See Exhibit F Smoking Policy**

17. Plaintiff reported to Defendant that Supervisors and co-workers were smoking in the building and in-vehicle and not wearing masks.

18. Defendant only responded to wearing a mask and failed to respond to smoking indoors and in work vehicles or to Plaintiff's request for reasonable accommodation. **See Exhibit G Mike Gable the City Director email date July 23, 2020.**

19. Due to Defendant's failure to provide a reasonable accommodation, Plaintiff's respiratory injury increased and she begin taking FMLA to leave and utilizing other vacation days to accommodate her asthma illness.

20. Plaintiff was reprimanded for calling off by verbal warning "watch your call off" although Plaintiff's legal request to stop other workers from smoking inside of the City's property.

4

21. Plaintiff's medical leave was to run out on June 23, 2020.

22. Defendant gave Plaintiff until July 9, 2020, to report to work.

23. Plaintiff received a medical note from Doctor Ronald Monah on July 10, 2020, stating "Please excuse Ms. Sharon Mundy from work because of illnesses; 1. Acute anxiety. 2. Severe asthma, 3. Fracture of toe 5 right. **See Exhibit H Doctor Ronald Monah's note**

24. Defendant failed to consider any medical letter from Plaintiff's Doctor and their recommendations. Defendant planned to punish and retaliate by suspending Plaintiff for five days pending termination. **See Exhibit I**

25. Plaintiff needed more time to heal even though she did not have any more FMLA or PTO days

26. Defendant refuses to consider her disability, stating in an email by Megan Yarish an operational coordinator sent to Thomas Rukavina, Marcelle Newman, and cc: to Charisse Smith and Lashawn Brown, stating "Tom please let us know what Mallory and Sharon say when you call them and please remember that HR has determined that Mallory Craig's position does not put him at increase risk for COVID 19 and Sharon Mundy has no FMLA or PTO to cover any more time off so they both must return tomorrow or face discipline." " Since Mallory Craig was told to return to work a month ago with everyone else. I recommend deducting his PTO to cover his time off since June 8 and continue making him use PTO for every day not worked since June 8" **See Exhibit I Megan Yarish email**

5

27.     Defendant based the Plaintiff's accommodation of how many FMLA or PTO days are left. Defendant favored the male worker, he was off the job since June 8, 2020, and Defendant made accommodations for him and refuse to accommodate Plaintiff's need even if she had no more FMLA or PTO days.

28.     Defendant disciplined Plaintiff regardless of her disability, suspending the Plaintiff

29.     Plaintiff was directed to sign the Last Chance Agreement or face termination. September 29, 2020 letter from the City of Pittsburgh stated that Defendant would bypass Step II because Plaintiff would not sign LCA, which violates her due process and promotes coercion. Under duress from Defendant, she made to sign an LCA. Defendant states she was terminated due to absenteeism and failure to report these absences to the "standard, a contracted City provider." Plaintiff was approved intermittent FMLA leave account but was accused of not following contract protocol. **See the September 29, 2020 letter, Exhibit J**

30.     Due to Defendant's refusal to consider reasonable accommodation due to Plaintiff's severe asthma and anxiety from Plaintiff's doctor's medical letter.

31.     Plaintiff was terminated from her position, the defendant claims the Plaintiff had marijuana in her system and it violated her LCA agreement. Defendant failed to consider that it was used for medical treatment.

32.     Plaintiff file her complaint to EEOC on or around November 2020 on the bases of wrongful termination, retaliation, and disability discrimination, and received a right to sue letter from the EEOC on October 8, 2021, Plaintiff exhausted her administrative remedy. **See the Right sue Letter Exhibit K.**

7

## COUNT 1
## TITLE VII -DISABILITY DISCRIMINATION AND ADA

33. Paragraphs 1 through 32 above are incorporated herein by reference as though fully set forth.

34. Defendant violated Title VII of the Civil Rights Act of 1964 and ADA

31. To establish a prima facie case he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.

35. Plaintiff made a reasonable accommodation request to stop city employees from smoking in the building, she reported to city HR that employees and supervisors were smoking and it has affected her health by photo. **See Exhibit L photo**

36. Plaintiff engaged in activities protected by 1981. Plaintiff by showing a medical letter that she could not work her full duty under these conditions and the adverse response resulted in her termination.

37. Following Plaintiff's protected activities, the City, acting by and through its final policymakers, suspended Plaintiff and terminated Plaintiff's employment.

7

38. Plaintiff could have fulfilled all duties if Defendant would have considered Plaintiff's request for reasonable accommodation.

39. Plaintiff on September 1, 2020, following up on her request the Defendant's inability to assist accommodation. **See Exhibit M (letter from Plaintiff)**

40. Defendant's due marijuana was in her system and the Plaintiff fail to comply with LCA non-compliance and the city gave up on its procedures and "will not arbitrate or deal with this matter anymore". **See Termination Letter Exhibit N**

41. Plaintiff was disciplined for not having any more FMLA or PTO, Defendant didn't have to pay Plaintiff, and Plaintiff could have had medical leave without pay. **See Exhibit I**

42. Defendant failed to make any reasonable accommodation under the law, depriving the plaintiff of her right and discrimination due to her disabilities. Defendant failed to identify that Plaintiff had a prescription for marijuana to treat anxiety and did not abuse the script.

43. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in his community and place of business, punitive damages,

declaratory and injunctive relief, Pension update to reflect the accurate number of service attorney's fees and costs, adverse consequences, and such other relief as the Court may deem appropriate.

Jury Trial Demanded

## COUNT 2
## WRONGFUL TERMINATION

44. Paragraphs 1 through 43 above are incorporated herein by reference as though fully set forth. 42 U.S.C. 1983, Violation of Fourteenth Amendment Right Provides that no state may deprive any person of life, liberty, or property, without due process of law, City of Pittsburgh discharged Sharon Mundy without "Just Cause" was contracted and tenured employee. Plaintiff was a civil servant and denied a Loudermill hearing prior to termination.

45. According to Civil Service Disciplinary Guideline dated 10/2002 and revised 4/2009 states that there are five levels of discipline. Level 1. Oral Warning Level 2. Written Warning, Level 3. One day (1) suspension, Level 4., Three (3) day suspension, Level 5. five (5) Day suspension pending termination, five (5) day suspension, not pending discharge, Greater than five (5) day suspension (up to 30 days) Discharge.

46. Plaintiff was terminated without "just cause" the City of Pittsburgh stipulate that Plaintiff was to report to work on July 9, 2020, and Plaintiff did report she was still suffering from severe asthma and needed time off. **See Exhibit H Doctor Ronald Monah's note**

Defendant stated that Plaintiff could not do full duty and that Defendant refuse to consider the letter from Doctor Ronald Monah.

47. The Defendants disciplined Plaintiff with five (5) suspensions pending termination.

48. Plaintiff received a termination letter dated November 5, 2020, stating that she had Marijuana in her system and she will not get an arbitration hearing due to her signing a last chance agreement. **See Termination Letter Exhibit N**

49. Plaintiff had marijuana medical approval and was being treated for anxiety and not for pleasure and did not abuse the prescription.

50. defendant wrongfully terminated Plaintiff on two occasions on September 10 and November 5, 2020, failing to give plaintiff Loudermill a hearing and denying her due process by denying step II on her grievance. Plaintiff was fired and coerced. In singing an LCA and then terminated for breaking it.

51. Defendant had made up their mind prior to Plaintiff's return that she was going to be disciplined for not having any more FMLA OR PTO, the Defendant should have granted Plaintiff leave without pay but suspended and then terminated Plaintiff due to her disability. **See Exhibit I Megan Yardish**

52. Defendant wrongfully terminated the Plaintiff due to a snowball effect, Plaintiff would not have had to endure LCA or drug screening, if not for Defendant's disregard of theright to medical leave with pay or without pay

53. Plaintiff was terminated due to Defendant's disregard of Plaintiff's right to take off due to her disabilities and then forced to sign an LCA. **See Exhibit J**

54. Plaintiff was wrongfully terminated due to her complaints to HR for Defendant's failure to accommodate her reasonable accommodation for disability needs and her reporting to the employees and supervisors for the failure to follow the smoking and Covid 19 standards.

55. As a direct 12 result of the actions, statements, and/or policies of the Defendants, Plaintiff suffered an unconstitutional deprivation of his rights under the Fourteenth Amendment of the Constitution and due process.

56. Defendants acted intentionally and with callous disregard for Plaintiff's known statutory and constitutional rights and failed to give Plaintiff a hearing to respond to the alleged breach of the LCA. Defendant failed to give the Plaintiff a Loudermill hearing after termination

57. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in his community and place of business, punitive damages, declaratory and injunctive relief, Pension update to reflect an accurate number of service, attorney's fees and costs, adverse consequences, and such other relief as the Court may deem appropriate.

Jury Trial Demanded

## COUNT 3
## RETALIATION FOR ENGAGING IN A PROTECTED ACTIVITY UNDER 1981

58.     Paragraphs 1 through 54 above are incorporated herein by reference as though fully set forth.

59.     Defendants are sued under 42 U.S.C. 1981 for the deprivation of rights secured by 1981.

60.     Plaintiff made a reasonable accommodation request to stop city employees from smoking in the building, she reported to city employees that they were smoking and it has affected her health.

61.     Plaintiff engaged in activities protected by 1981. Plaintiff by showing a medical letter that she could not work her full duty because of her disability an adverse response began and the result was her termination.

62.     Following Plaintiff's protected activities, the City, acted by its wrongful policymakers, terminated Plaintiff's employment.

63.     The termination of Plaintiff's employment was causally related to Plaintiff's protected activities under 1981. Plaintiff believes that she was retaliated for making a reasonable accommodation and reported other employees and cited the City of Pittsburgh leadership for failing to uphold their smoking and mask policy.

64.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in his community and place of business, punitive damages,

declaratory and injunctive relief, Pension update to reflect an accurate number of service attorney's fees and costs, adverse consequences, and such other relief as the Court may deem appropriate.

Jury Trial Demanded

## COUNT 4
## TITLE VII GENDER DISCRIMINATION

65.     Paragraphs 1 through 64 above are incorporated herein by reference as though fully set forth.

66.     The plaintiff must show that he or she: (1) belongs to a protected class; (2) was qualified for the job; (3) was subjected to an adverse employment action; and (4) the employer gave better treatment to a similarly-situated person outside the plaintiff's protected class

67.     Defendant violated Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e-2000e-15.

69.     Plaintiff is a woman and belongs to a protected class, and qualified for the position she held, she was subjected to an adverse response from Defendant and was treated less favorable than a male who had a similar issue

70.     Plaintiff and Mallory Craig a male employee were both taking a reasonable amount of time off for the same reasons, both suffer from severe asthma. Mallory Craig was off for 30 days from June 8, 2020, until July 8, 2020, both Mr. Craig and Ms. Mundy faced disciplinary action if they were not to return to work.

71.     Plaintiff suffer the wrath of Defendant and the male employee was shown more lead way and consideration. The male employee was due to return to work in May to return but was given more time to recover, and Defendant give Mr. Craig without his knowledge or request the ability to use PTO time. Plaintiff was not afforded any concessions or accommodation by Defendant **See Exhibit I Megan Yardish Email.**   14

72.     Plaintiff needed not to be disciplined for running out of sick days or vacation days, FMLA, or PTO, Plaintiff could have had leave without pay, under the ADA reasonable accommodation Defendant should have granted more time just without pay and not favor the male employee of Plaintiff.

73.     Defendant broke the law and violated the Plaintiff rights when it clearly treated the male employee with greater consideration by granting him 30 days after he was due to return and refusing the Plaintiff any additional time for treatment and healing.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in his community and place of business, punitive damages, declaratory and injunctive relief, Pension update to reflect an accurate number of service attorney's fees and costs, adverse consequences, and such other relief as the Court may deem appropriate.

Jury Trial Demanded

Respectfully Submitted,

Date: 10/5/22

CERTIFICATE OF SERVICE

I certify that, on the date set forth below, the foregoing PLAINTIFFS' SECOND AMENDED COMPLAINT was filed I further certify that, on the date set forth below, the same document was served on Defendant by First Class Mail City of Pittsburgh Department of Law 313 City-County Building 414 Grant Street Pittsburgh, PA 15219

_____   Date  10/5/22
Sharon Mundy

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

SHARON MUNDY                                                                                No.)
           Plaintiff

VS

CITY OF PITTSBURGH

           Defendants.

## VERIFICATION

I Sharon Mundy declare under penalty of perjury under the law of Pennsylvania, know the contents in this Complaint thereof and that the same is true to the best of my knowledge.

Date: __10/5/22__

Respectfully submitted,

_____