IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| SHARON MUNDY, | ) |
| Plaintiff, | ) 2:22-CV-00031-MJH |
| vs. | ) |
| CITY OF PITTSBURGH, | ) |
| Defendant, | ) |

## MEMORANDUM OPINION

On January 7, 2022, Pro se Plaintiff, Sharon Mundy, filed suit against Defendant, City of Pittsburgh. (ECF No. 4). On October 6, 2022, Ms. Mundy filed a Second Amended Complaint, seeking relief under various statutes. (ECF No. 36). On October 28, 2022, Defendant filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 41). The Court granted Defendant's Motion to Dismiss in part and denied it in part. (ECF No. 47). The surviving claims were all brought under the Americans with Disabilities Act of 1990 and Rehabilitation Act. The claims are as follows: (1) asthma-related ADA and Rehabilitation Act disability and discrimination claims; (2) ADA and Rehabilitation Act failure to accommodate claims; and (3) ADA and Rehabilitation Act retaliation claims.

There were complications throughout the course of discovery in this case. On July 28, 2023, Defendant filed a Motion to Compel Discovery Responses and Motion for Sanctions, alleging the Plaintiff failed to respond to discovery and that she unilaterally terminated her deposition when she walked out of her deposition before its conclusion. (ECF No. 62). On August 8, 2023,

1

the Court found Ms. Mundy violated her responsibilities to complete discovery and her deposition, and granted Defendant's Motion to Compel Discovery Responses, deferring judgment on the Motion for Sanctions. (ECF No. 68). On October 10, 2023, Defendant filed a Renewed Motion for Sanctions against Ms. Mundy, asserting again that Ms. Mundy failed to respond to discovery and that she violated the Court's Order from August 8, 2023. (ECF No. 70). After hearing argument on the Motion for Sanctions, the Court again found that Ms. Mundy failed to comply with discovery. On December 4, 2023, the Court closed discovery and held that Ms. Mundy was not permitted to use any information or witness that she had not disclosed to the Defendant in response to discovery. (ECF No. 75). On January 3, 2024, Defendant filed a Motion for Summary Judgment, supporting brief, and Concise Statement of Material Facts. (ECF Nos. 76-78). Ms. Mundy's response to Defendant's Motion for Summary Judgment was due January 31, 2024. Ms. Mundy did not file a response by said date. Instead, on January 31, 2024, Ms. Mundy filed a Motion to Extend Time for Discovery, wherein she asked for a two-month extension so she could depose individuals employed by defendant. (ECF No. 79). To afford Ms. Mundy additional time to respond to Defendant's Motion for Summary Judgment, the Court extended her response due date until February 8, 2024. (ECF No. 81).

On February 5, 2024, the Court denied Ms. Mundy's Motion to Extend Time for her to conduct discovery from Defendant. (ECF No. 83). On February 8, 2024, Ms. Mundy filed a Motion for Clarification, seeking further discovery from Defendant. (ECF No. 84). On February 9, 2024, the Court denied Ms. Mundy's Motion for further discovery, noting that Discovery was closed on December 4, 2023, and that Ms. Mundy had been provided an extension to February 8, 2024, to respond to Defendant's Motion for Summary Judgment. (ECF No. 85). Ms. Mundy did not file a response to Defendant's Motion for Summary Judgment by February 8, 2024, nor did

she file any response after said date. Presently, before the Court, is Defendant's Motion for Summary Judgment and the Defendant's Concise Statement of Material Facts (ECF Nos. 76 & 78). Absent any response from Ms. Mundy, the facts presented by the Defendant in its Concise Statement of Material Facts are undisputed.

For the reasons stated below, Defendant's Motion for Summary Judgment will be granted in full.

## I. Statement of Facts

Pro se Plaintiff, Sharon Mundy, was hired by the City of Pittsburgh ("the City") in 2008. (ECF No. 78, at ¶ 1). Ms. Mundy was employed as a laborer in the City's Department of Public Works ("DPW") from 2008 to 2020. (*Id.* ¶ 2). On December 3, 2019, Ms. Mundy informed the City's Human Resources Department "that she wanted to file a complaint about smoking." (*Id.* ¶ 3). On April 1, 2020, a representative from the City's Human Resources Department spoke to Ms. Mundy about her concerns within the workplace, which included smoking in City vehicles and buildings. At the time of this meeting, the City's HR representative told Ms. Mundy that she could raise any other concerns that she had. (*Id.* ¶ 5). In response, Ms. Mundy informed the HR representative of the location of one of the smoking incidents, said location was unrelated to smoking in City vehicles or buildings. (*Id.* ¶ 6). In 2020, Ms. Mundy went on leave pursuant to the Family Medical Leave Act ("FMLA"). (*Id.* ¶ 7). All of her available paid time off had expired as of June 23, 2020. (ECF No. 78-6). Intermittent leave for her use of one day of FMLA time for up to four times per month had been arranged; however, Ms. Mundy was required to report any such FMLA leave to a third-party company, which she failed to do. (*Id.*). Consequently, Ms. Mundy was absent without leave from June 24, 2020, through July 13, 2020. (ECF No. 78, at ¶ 9).

On July 9, 2020, the City suspended Ms. Mundy for five days, pending termination, because of her unexcused absences. (*Id.* ¶ 10). Ms. Mundy was aware of the reporting requirements for FMLA leave. (*Id.* ¶ 11). Ms. Mundy was allotted five days to respond to the suspension letter, and if the City deemed her response unsatisfactory, they planned to terminate her. (*Id.* ¶ 12). On July 15, 2020, Ms. Mundy responded to the letter, and after consideration of the letter, the City offered Ms. Mundy continued employment if she agreed to certain conditions. (*Id.* ¶¶ 13-15). One of the conditions was that Ms. Mundy was required to agree to the terms of a Letter of Understanding and Last Chance Agreement ("LCA"). (*Id.* ¶ 16). Ms. Mundy rejected the initial LCA letter, but after seeking assistance from a union representative, she negotiated the terms of the LCA and she signed the agreement. (*Id.* ¶¶ 18-20). The LCA required Ms. Mundy to abstain from "all-mood altering drugs or chemical substances." (*Id.* ¶ 21). The LCA further provided that if Ms. Mundy breached any of its terms, she would be subject to "immediate discharge without any rights to just cause discipline as conferred by the City Civil Service Commission or any collective bargaining agreement." (*Id.* ¶ 22).

On October 5, 2020, Ms. Mundy and her union representative, Philip Ameris, signed the LCA. (*Id.* ¶ 24). On October 22, 2020, Ms. Mundy was drug tested; the test was positive for marijuana. (*Id.* ¶¶ 25-26). Ms. Mundy was again suspended for five days, pending termination, and was provided with a chance to respond to her termination letter. (*Id.* ¶¶ 27-28). Ms. Mundy failed to respond to the City, but told her union representative, Mr. Ameris, that she believed the test showed a positive result because of second hand marijuana smoke. (*Id.* ¶¶ 29-31). The City consulted its Medical Review Officer to determine if Ms. Mundy's averment, regarding the drug test, was possible. (*Id.* ¶ 32). The Medical Review Officer determined that secondhand exposure to marijuana smoke was not a plausible or acceptable explanation for Ms. Mundy's positive drug

test result. (*Id.* ¶ 33). After receiving this information, the City deemed Ms. Mundy's response unsatisfactory, and terminated Ms. Mundy on November 5, 2020. (*Id.* ¶¶ 34-35).

## II. Relevant Legal Standards

According to Federal Rule of Civil Procedure 56, a court must grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a dispute to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (internal quotations omitted). Additionally, for a factual dispute to be material, it must have an effect on the outcome of the suit. *Id.* In reviewing and evaluating the evidence to rule upon a motion for summary judgment, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the" non-moving party. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (internal quotations omitted). However, where "the non-moving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,'" the moving party is entitled to judgment as a matter of law. *Moody*, 870 F.3d at 213 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "Discredited testimony is not normally considered a sufficient basis for drawing a contrary conclusion. Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* at 256-57 (internal citation omitted). "If the evidence is

merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). Judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of the party." *Id.* at 251 (internal citation omitted).

### III. Discussion

In Ms. Mundy's Second Amended Complaint, she brings various claims against the City, the surviving claims are as follows: (1) asthma-related ADA and Rehabilitation Act disability discrimination claims; (2) ADA and Rehabilitation Act failure to accommodate claims; and (3) ADA and Rehabilitation Act retaliation claims. (ECF No. 36, at 7-9).  The City argues that Ms. Mundy fails to adduce evidence of record to establish any genuine issue of material fact exists as to any of Ms. Mundy's alleged claims.

#### A. ADA and Rehabilitation Act Disability Discrimination Claims

Ms. Mundy brings asthma-related ADA and Rehabilitation Act disability discrimination claims against the Defendant. (ECF No. 36, at 7-9).

ADA and Rehabilitation Act disability discrimination and retaliation claims are analyzed under the *McDonnell Douglas* burden-shifting framework. *Wishkin v. Potter*, 476 F.3d 180, 185 (3d Cir. 2007); *Wright v. Providence Care Ctr.*, LLC, 822 F. App'x 85, 94 (3d Cir. 2020). Under this framework, Ms. Mundy bears the burden of establishing prima facie showing of discrimination. If a prima facie case is established, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for the employment action. The burden then shifts back to Ms. Mundy to show that the employer's stated reason was pretextual. *Wishkin*, 476 F.3d at 185. To establish a prima facie case of disability discrimination, a plaintiff must show: "(1) he

6

is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (quoting *Gaul v. Lucent Technologies*, 134 F.3d 576, 580 (3d Cir. 1998)).

The City argues that Ms. Mundy failed to adduce evidence of record to establish a prima facie case of disability discrimination, because Ms. Mundy cannot establish that that she is disabled, or that she suffered any alleged adverse employment action because of her alleged disability. (ECF No. 76, at 2-3). The City further argues that even if Ms. Mundy established a prima facie case, the City articulated a non-discriminatory reason for suspending Ms. Mundy, offering her an LCA, and eventually terminating her. (*Id.* at 3). The City argues that Ms. Mundy has not adduced any evidence that the City's purported non-discriminatory reasons, i.e. her violation of the LCA, by testing positive for marijuana, are pretextual. (*Id.*). Thus, the City concludes that Ms. Mundy fails to establish a genuine issue of material fact regarding this claim. Based upon these arguments, and the evidence on the record, the Court concurs with the City. The City's Motion for Summary Judgment will be granted as to Ms. Mundy's ADA and Rehabilitation Act disability discrimination claims.

### B.  ADA and Rehabilitation Act Failure to Accommodate Claims

Ms. Mundy brings asthma-related ADA and Rehabilitation Act failure to accommodate claims against the City. (ECF No. 36, at 7-9).

To establish a "failure to accommodate" claim, Plaintiff must adduce evidence showing: (1) she was disabled and her employer knew it; (2) she requested an accommodation or assistance; (3) her employer did not make a good faith effort to assist; and (4) she could have been

reasonably accommodated." *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 157 (3d Cir. 2017) (quoting *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006)).

The City argues that Ms. Mundy failed to adduce evidence of record to establish that she is disabled, that she requested an accommodation, or that the City did not make a good faith effort to assist her. (ECF No. 76, at 4). Thus, the City concludes that Ms. Mundy fails to establish a genuine issue of material fact regarding this claim. Based upon these arguments, and the evidence on the record, the Court concurs with the City. The City's Motion for Summary Judgment will be granted as to Ms. Mundy's ADA and Rehabilitative Act failure to accommodate claims.

### C.  ADA and Rehabilitation Act Retaliation Claims

Ms. Mundy brings asthma-related ADA and Rehabilitation Act retaliation claims against the City. (ECF No. 36, at 7-9).

ADA and Rehabilitation Act retaliation claims follow the same *McDonnell Douglas* burden-shifting framework as disability discrimination claims. *Wishkin*, 476 F.3d at 185; *Wright*, 822 F. App'x at 94. To demonstrate a prima facie case of retaliation, Plaintiff must show: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Stouch v. Twp. of Irvington*, 354 F. App'x 660, 667 (3d Cir. 2009).

The City argues that Ms. Mundy failed to adduce evidence of record to establish a prima facie case of retaliation, because she cannot show that she engaged in a protected activity, or that there was a causal connection between her alleged protected activity and her termination. The City further argues that even if Ms. Mundy established a prima facie case, the City articulated a

non-discriminatory reason for suspending Ms. Mundy, offering her an LCA, and terminating her. The City argues that Ms. Mundy has not adduced any evidence that the City's purported non-discriminatory reasons, i.e. her violation of the LCA, by testing positive for marijuana, are pretextual. Thus, the City concludes that Ms. Mundy fails to establish a genuine issue of material fact regarding this claim. Based upon these arguments, and the evidence on the record, the Court concurs with the City. The City's Motion for Summary Judgment will be granted as to Ms. Mundy's ADA and Rehabilitation Act retaliation claims.

### IV.    Conclusion

For these reasons, the City's Motion for Summary Judgment will be granted in full. Judgment will be entered in favor of the City as to all claims and counts in the Second Amended Complaint. A separate Order will follow.

DATE:  3/22/2024

*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge